UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BRIDGET BROWN PARSON, | § | |
|---|---|---|
| Appellant, | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0647-B |
| SELECT PORTFOLIO SERVICING, ET AL., | § | |
| Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is *pro se* Appellant Bridget Brown Parson's (Parson) bankruptcy appeal challenging the Order of the United States Bankruptcy Court for the Northern District of Texas Overruling Debtor's Objection to Findings of Fact. Doc. 1, Order, 6–10. This is one of several appeals that Parson has filed related to her bankruptcy case. *In re Bridget Brown Parson*, Case No. 15-30080-bjh13 (N.D. Tex. L.B.R filed Jan. 5, 2015). For the reasons stated below, this particular appeal has several deficiencies, and the Court will thus **DISMISS** the appeal **WITHOUT PREJUDICE**.

The first deficiency of this appeal is that Parson has failed to pay the requisite filing fee. On March 19, 2018, the bankruptcy clerk transmitted Parson's Notice of Appeal and docketed it in this case. Doc. 1, Notice of Appeal. The bankruptcy clerk then transmitted the record on appeal to this Court on April 2, 2018. Doc. 6, Transmission of Record on Appeal. But the clerk noted that Parson's appeal was deficient because she had not yet paid the filing fee pursuant to Federal Rule of Bankruptcy Procedure 8003(a)(3)(C). *Id.* To date, Parson has yet to pay the filing fee. Moreover, the bankruptcy court denied Parson's request for a waiver of the filing fee associated with her Notice

of Appeal. *In re Bridget Brown Parson*, Case No. 15-30080-bjh13 (N.D. Tex. Mar. 30, 2018) (Doc. 229); Doc. 6, Attach. 2, Final Order. The Federal Rules of Bankruptcy Procedure provide that if an appellant fails to pay the requisite fee, the district court may "act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

The second deficiency of this appeal is that Parson has failed to file a designation of the record on appeal with the bankruptcy clerk. Doc. 6, Transmission of Record on Appeal, 1. Thus, the record does not comply with Federal Rule of Bankruptcy Procedure 8009. To date, Parson has yet to cure this deficiency.

The third deficiency of this appeal is that Parson is appealing an interlocutory order of the bankruptcy court without requesting leave to do so. Pursuant to 28 U.S.C. § 158(a)(3), federal district courts have jurisdiction to hear appeals from interlocutory orders when leave of the district court is granted. However, "[i]nterloctuory bankruptcy appeals should be limited to cases presenting exceptional circumstances." *In re Royce Homes LP*, 466 B.R. 81, 94 (S.D. Tex. 2012). "Piecemeal appeals that serve only to extend the litigation are discouraged . . . especially when weighed against the interests of the parties in obtaining an overall conclusion of the proceeding." *In re Avado Brands, Inc.*, 2007 WL 2241660, at *2 (N.D. Tex. Aug. 3, 2007). With these considerations in mind, this Court has three options when an appellant fails to file a motion for leave: "(1) direct that a motion be filed; (2) grant leave to appeal exclusively on the papers already filed; or (3) deny leave to appeal." *In re Holloway*, 370 F. App'x 490, 493 (5th Cir. Mar. 15, 2010) (noting that the Advisory Committee note to Fed. R. Bankr. P. 8003(c) provides for these options).

But even assuming that Parson had requested leave, under the facts, Parson could not satisfy the standard courts in this circuit apply to determine whether an interlocutory appeal should be

granted. In the Fifth Circuit, courts apply the standard set forth in 28 U.S.C. § 1292(b), which specifies that leave should be granted to proceed on an interlocutory appeal if: "(1) the bankruptcy court's order from which the appellant seeks to appeal involves a controlling issue of law; (2) the question is one where a substantial ground for difference of opinion exists; and (3) an immediate appeal will materially advance the ultimate termination of litigation." *Avado Brands*, 2007 WL 2241660, at *2 (citing *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991)). "Every ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed or balanced." *Parson v. Unknown*, 2018 WL 3046248, at *2–3 (N.D. Tex. June 20, 2018) (Lindsay, J.) (citing *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011) (Kinkeade, J.).

Applying this standard to the facts here, it is clear that Parson could not meet any of these factors, let alone all three. The Order that Parson is appealing is titled: "Order Overruling Debtor's Objection to Findings of Fact." ROA. 6.[1] While Parson titled her motion "Objection to Findings of Fact," the bankruptcy court noted that it was in effect a request for a continuance of a hearing. ROA. 9–10. Thus, the Order Parson appeals from is merely a denial of a request for a continuance—it involves no controlling issue of law over which there could be substantial grounds for disagreement. Further, an immediate appeal of this order would in no way expedite the end of this litigation. Considering 28 U.S.C. § 1292(b)'s factors, the Court finds no reason leave should be granted for this appeal.

Finally, on August 7, 2018, this Court ordered Parson to show cause for why this appeal

---

[1] The Record on Appeal can be found at Docket Entry 6.

should not be dismissed by August 22, 2018. Doc. 8. To date, Parson has yet to respond or give reason for her failure to cure the deficiencies listed above. Accordingly, because Parson has failed to correct the deficiencies in her Notice of Appeal and has not responded to this Court's August 7 Order, the Court **DISMISSES** this appeal **WITHOUT PREJUDICE**.

**SO ORDERED.**

**SIGNED: September 4, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE